# NO. 12-10-00031-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAWRENCE SUNDERLAND,*<br>*APPELLANT* | *§* | *APPEAL FROM THE THIRD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Lawrence Sunderland appeals his conviction for possession of a deadly weapon in a penal institution. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

Appellant was an inmate in a Texas prison. He refused an order to move from one cell to another. A supervisor arrived, and Appellant told him he would not move because did not wish to be housed with an inmate of a different race. After checking the details of the anticipated transfer, the supervisor told Appellant that he would be in a single person cell. In other words, he told Appellant that he would not have a cellmate. Appellant still refused to leave his cell and brandished an improvised knife. Eventually, the supervisor was able to persuade Appellant to relinquish the knife. During an investigation, Appellant admitted that he had fabricated the weapon because he did not wish to be housed with an inmate of another race.

An Anderson County grand jury indicted Appellant for the felony offense of possession of a deadly weapon in a penal institution.[1]   The offense is a third degree felony, but the grand jury also alleged that Appellant had a prior felony conviction, which elevated the punishment range to that of a second degree felony.[2]   Appellant testified at his trial, and admitted that he possessed the improvised weapon.   The jury found him guilty, found the sentencing enhancement to be true, and assessed punishment at imprisonment for seven years.   This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.   Counsel states that she has diligently reviewed the appellate record and that she is well acquainted with the facts of this case.   In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[3]   *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).   We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.   *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   We are in agreement with Appellant's counsel that the appeal is wholly frivolous.   Accordingly, counsel's motion for leave to withdraw is hereby **granted**, and we **dismiss** this appeal.   *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the

---

[1] *See* TEX. PENAL CODE ANN. § 46.10 (Vernon 2003).

[2] *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2010).

[3] Counsel for Appellant has certified that she provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered January 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(DO NOT PUBLISH)

3